## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

LISA BUCKNER,

           Plaintiff,           :        Case No. 3:11-cv-320


     -vs-                        Magistrate Judge Michael R. Merz

                       :

MONTGOMERY COUNTY JOBS
AND FAMILY SERVICES DIVISION,
 et al.,

           Defendants.

---

### DECISION AND ORDER

---

       This case is before the Court on Plaintiff's Motion for Reconsideration (Doc. No. 22). In it she asks the Court to reconsider its Order (Doc. No. 16) striking "Plaintiffs Request for Answers to Interrogatories, Admissions and Request for Production of Documents (Doc. No. 15).

       Plaintiff recites that on November 28, 2011, a deputy clerk refused to accept for filing Plaintiff's Notice of Disclosure.  Then on December 2, 2011, the same deputy clerk "willingly took Plaintiff's Discovery tools and filed them. . . ." (Motion for Reconsideration, Doc. No. 22, PageID 147).  Plaintiff asserts that the Clerk is not permitted "to refuse to accept for filing any paper presented for that purpose solely because it is not presented in proper form . . . ." *Id.*  Plaintiff then refers twice to a notice of deposition that was not allowed to be filed by the Clerk.

       Fed. R. Civ. P. (d)(1) provides in pertinent part that every paper after the complaint which is required to be served on other parties in the case "must be filed within a reasonable time after service.  But disclosures under rule 26(a)(1) or (2) and the following discovery requests must not be filed until they are used in the proceedings or the court orders filing: depositions, interrogatories,

requests for documents or tangible things or to permit entry onto land, and requests for admission."

On paper, these types of documents take up a great deal of space. When the undersigned began the practice of law in 1970 and for many years thereafter, discovery papers were filed the same way other papers in the case were filed. But because of space concerns, the United States Supreme Court amended Rule 5, effective December 1, 2000, to prohibit the filing of discovery papers. Since that time, filing in federal courts has become electronic and the space concerns are no longer salient, but the Rule has never been amended to go back to the prior practice.

The refusal made by the deputy clerk in this case was not based on the form of Plaintiff's papers, but on their content – to wit, they were discovery papers which are not supposed to be filed unless they are need for some proceeding in the case. Sometimes, however, even if a document is not supposed to be filed, the clerk will accept it anyway and wait to see if a judge strikes it.

In this case, while it was not proper to file the discovery documents on December 2, 2011, when they were served on the Defendants, it would have been completely proper to file them as exhibits to Plaintiff's Motion to Compel (Doc. No. 19).

Therefore the Motion for Reconsideration is GRANTED and the Court's Order striking Doc. No. 15 is VACATED. On the other hand, Plaintiff's Disclosures and any notices of deposition should not be filed unless upon further order of the Court.

January 10, 2012.

s/ **Michael R. Merz**
United States Magistrate Judge