# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

LISA BUCKNER, :

        Plaintiff,        Case No. 3:11-cv-320

-vs-

                                              Magistrate Judge Michael R. Merz

MONTGOMERY COUNTY JOBS
AND FAMILY SERVICES
DIVISION, *et al.,*

        Defendants. :

## DECISION AND ENTRY

This case is before the Court on Defendants' Montgomery County Jobs and Family Services and Board of County Commissioners of Montgomery County, Ohio, Motion to Dismiss. (Doc. No. 30). The parties have fully briefed the issues, (*Id.,* Doc. 33, 35), and the matter is ripe for decision on the merits.

The parties have consented to plenary magistrate judge jurisdiction and District Judge Timothy Black has referred the matter pursuant to 28 U.S.C. § 636 (c). (Doc. 13).

Plaintiff Lisa Buckner, acting *pro se*, brought this action against Defendants Montgomery County Jobs and Family Services and the Board of County Commissioners of Montgomery County, Ohio, alleging that in the employment context Defendants discriminated against her in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, ("ADA") and Ohio's anti-discrimination laws, Ohio Revised Code Ch. 4112, *et seq.* (Doc. 2).

Defendants have moved to dismiss Ms. Buckner's Complaint pursuant to

1

Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted arguing that Ms. Buckner failed to properly exhaust her administrative remedies because she did not timely file her discrimination charge with the Equal Employment Opportunity Commission (EEOC). Specifically, Defendants argue that Ms. Buckner failed to file her EEOC charge within 180 days of the last episode of discrimination. In support of their argument, Defendants rely primarily on *Berger v. Medina County Ohio Bd. of County Commissioners,* 295 Fed. Appx. 42 (6th Cir. 2008).

Ms. Buckner does not dispute that she filed her EEOC charge more than 180 days after the date of Defendants' last alleged discriminatory act. However, she essentially argues that in a deferral state, such as Ohio, the time limit for filing an EEOC charge is extended to 300 days which deadline she satisfied.[1]

The purpose of Fed.R.Civ.P. 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993), citing *Nishiyama v. Dickson County, Tennessee*, 814 F.2d 277, 279 (6th Cir. 1987), abrogated on other grounds by *Graham v. Connor,* 490 U.S. 386 (1989) as recognized in *Pleasant v. Zamieski,* 895 F.2d 272, 275 n. 1 (6th Cir. 1990). Stated differently, a motion to dismiss under Fed.R.Civ.P. 12(b)(6) is designed to test the sufficiency of the complaint. *Riverview Health Institute LLC v. Medical Mutual of Ohio,* 601 F.3d 505, 512 (6th Cir. 2010).

With respect to a motion made pursuant to Rule 12(b)(6), the Sixth Circuit recently said:

---

[1] Ms. Buckner has submitted several documents in support of her arguments. However, none of the documents are authenticated and are not proper evidentiary materials. Accordingly, the Court has not considered any of those documents in reaching its conclusions herein.

> The Supreme Court recently raised the bar for pleading requirements beyond the old "no-set-of-facts" standard of *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), that had prevailed for the last few decades. *Ashcroft v. Iqbal*, ___U.S. ___, ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). *Conley* itself had reflected the change away from "code pleading" FN1 to "notice pleading," and the standard it announced was designed to screen out only those cases that patently had no theoretical hope of success. 355 U.S. at 45-46, 78 S.Ct. 99 ("In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."); see also *Iqbal*, 129 S.Ct. at 1959 (Souter, J., dissenting) (observing that "[t]he sole exception" to the *Conley* rule was for "allegations that [were] sufficiently fantastic to defy reality as we know it: claims about little green men, or the plaintiff's recent trip to Pluto, or experiences in time travel").
>
>> FN1. See generally Roscoe Pound, Review of Clark on Code Pleading, 38 Yale L.J. 127 (1928).
>
> The Court has now explained, however, that a civil complaint only survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949. Indeed, while this new *Iqbal/Twombly* standard screens out the "little green men" cases just as *Conley* did, it is designed to also screen out cases that, while not utterly impossible, are "implausible." See Robert G. Bone, *Twombly, Pleading Rules, and the Regulation of Court Access*, 94 IOWA L. REV. 873, 887-90 (2009). Exactly how implausible is "implausible" remains to be seen, as such a malleable standard will have to be worked out in practice.

*Courie v. Alcoa Wheel & Forged Products,* 577 F.3d 625, 629-30 (6th Cir. 2009). In other words, to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Savoie v. Martin*, ___F.3d ___, 2012 WL 695531 *2 (6th Cir. Mar. 6, 2012), quoting *Traverse Bay Area Intermediate Sch. Dist. v. Mich. Dept. of Educ.*, 615 F.3d 622, 627(6th Cir. 2010), quoting *Twombly*, 550 U.S. at 570. All well-pled facts in the complaint

3

must be accepted as true. *Savoie, supra,* citing, *Courie v. Alcoa Wheel & Forged Prods.,* 577 F.3d 625, 629 (6th Cir. 2009), citing *Iqbal,* \_\_\_ U.S. at \_\_\_, 129 S.Ct. at 1949.

The allegations of a complaint drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed. *Williams v. CSX Transportation Co., Inc.* 643 F.3d 502, 510 (6th Cir, 2011), citing *Federal Exp. Corp. v, Holowecki,* 552 U.S. 389, 402 (2008); see also, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *McNeil v. United States,* 508 U.S. 106, 113 (1993).

The ADA incorporates the powers, remedies, and procedures applicable to employment discrimination actions under Title VII. See 42 U.S.C. § 12117. Before filing a lawsuit in federal court, an ADA plaintiff must exhaust his or her administrative remedies by filing a charge of discrimination with the EEOC. See 42 U.S.C. § 12117(a); *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 309 (6th Cir. 2000); *Nichols v. GM Company,* 978 F.Supp. 743, 746 (S.D.Ohio 1997)(the ADA has incorporated the same administrative procedures set forth in Title VII and requires that the plaintiff exhaust his administrative remedies before bringing a claim in federal court; citing 42 U.S.C. § 12117(a)).

Pursuant to the statutory language of Title VII, the applicable statute of limitations within which a plaintiff must bring an EEOC discrimination charge begins to run from the date of "the alleged unlawful employment practice[.]" *Amini v. Oberlin College,* 259 F.3d 493, 498 (6th Cir. 2001), citing 42 U.S.C. § 2000e-5(e)(1).

> Title VII has a dual statute of limitations which we have explained as follows:
>> Usually, if the alleged discrimination occurred more than 180 days prior to the plaintiff's filing of an EEOC charge, claims implicating these actions are barred. However, if the alleged unlawful practice occurs in a "deferral state", in this case

> Ohio, which has enacted its own laws prohibiting discrimination in employment, the plaintiff must file suit within 300 days of the alleged discriminatory act.

*Amini, supra*, quoting *Alexander v. Local 496, Laborers' Int'l Union of North America,* 177 F.3d 394, 407 (6th Cir. 1999), *cert. denied*, 528 U.S. 1154 (2000). Ohio is a deferral state and thus, the 300-day period in which to file an EEOC charge under Title VII applies. *Amini, supra.*; see also, *Viergutz v. Lucent Technologies, Inc.,* 375 Fed.Appx. 482, 486 (6th Cir. 2010); *Russell v. Ohio Dept. of Administrative Services*, 302 Fed. Appx. 386, 390 (6th Cir. 2008); *Spencer v. Hilti, Inc.*, No. 96-3396, 1997 WL 359094 *2, 116 F.3d 1480 (table) (6th Cir. June 27, 1997); *McLaughlin v. Excel Wire & Cable, Inc.,* No. 85-3258, 1986 WL 16659 *2, 787 F.2d 591 (table) (6th Cir. Mar. 24, 1986); *Sawchik v. E.I. DuPont Denemours & Co.,* 783 F.2d 635, 637 (6th Cir. 1986); *Hall v. Ledex, Inc.,* 669 F.2d 397, 398 (6th Cir. 1982); *Coleman v. Western Hills Country Club,* No. 1:08-CV-00088, 2008 WL 2923949 *4 (S.D. Ohio July 23, 2008); *Monnheimer v. Nielsen*, No. 1:08cv356, 2008 WL 5333808 *3 (S.D.Ohio Dec. 19, 2008); *E.E.O.C. v. Dayton Tire & Rubber Co.,* 573 F.Supp. 782, 787 (S.D. Ohio 1983).

Ms. Buckner alleges, *inter alia,* that Defendants discriminated against her when, by letter dated June 18, 2008, they advised her that she would not be permitted to return to work. See, Complaint ¶ 21, PageID 45; see also, Complaint, Ex. 2 attached thereto PageID 27. Ms. Buckner filed her discrimination charge with the EEOC on February 28, 2009. Complaint ¶ 33, PageID 46. That was 255 days after the date on which Ms. Buckner alleges Defendants discriminated against her which is within the 300-day EEOC filing requirement.

As noted above, Defendants argue that Ms. Buckner did not timely file her EEOC charge and they cite *Berger*, 295 Fed. Appx. 42, in support of their position.

5

In *Berger*, the plaintiff brought an employment discrimination action against the defendants alleging sexual harassment in violation of Title VII. *Id.* The district court granted defendants' motion to dismiss for failure to state a claim upon which relief can be granted on the grounds that controlling law required the plaintiff, as a prerequisite to filing suit in federal court, to file a complaint with the EEOC within 180 days of the last episode of discrimination and that she failed to do so. *Berger,* 295 Fed. Appx. at 44. The court rejected the plaintiff's argument that the longer 300-day statute of limitations, which applies when plaintiffs first file with the appropriate state agency in a "deferral" state, should apply even if the plaintiff did not file with the state agency. *Id.* The Sixth Circuit affirmed noting that neither Plaintiff's complaint nor her brief based the timeliness of her complaint on arrangements between the EEOC and the Ohio Civil Rights Commissioner (OCRC). *Id.* The Sixth Circuit also noted that the plaintiff had specifically conceded in her complaint that she had not filed a charge with the OCRC. *Id.* at 45.

*Winkelmann v. Big Lots Stores, Inc.,* No. 1:08-CV-419, 2009 WL 3788673 (S.D.Ohio Nov. 10. 2009) (Spiegel, J.), involved, *inter alia,* the issue of the timeliness of the plaintiff's EEOC charge. *Id.* at *5-6. The plaintiff alleged in her briefing and at the summary judgment hearing that Ohio is a deferral state and therefore the 300-day statute of limitations applied to the filing of her administrative complaint. *Id.* at *6. The *Winkelmann* court noted that Sixth Circuit authority has repeatedly acknowledged the worksharing agreement between the OCRC and the EEOC as a part of the law of the Circuit. *Id.*, citing *Nichols v. Muskingum College*, 318 F.3d 674, 678-79 (6th Cir. 2003) and *Welker v. Goodyear Tire Co.,* No. 96-3045, 1997 U.S.App. LEXIS 16392 *5 [1997 WL 369450 * 2] (6th Cir. 1997)(Ohio is a deferral state such that an ADEA complainant must file within 300 days of the discriminatory act). In addition, the court in *Winkelmann* acknowledged *Berger,*

6

*supra,* and said:

> The Court notes *Berger v. Medina County Ohio Bd. of Cty. Commrs.,* 295 Fed.Appx. 42 (6th Cir. 2008), in which the appeals court affirmed the dismissal of a discrimination case, placing the onus on the Plaintiff to allege the existence of a work agreement between the OCRC and the EEOC, despite the fact that such agreement has been acknowledged in the Sixth Circuit in previous decisions. In any event, such case is not on point, as in this case, Plaintiff has argued here in the district court that Ohio is a deferral state and the 300-day limitations period applies.

*Winkelmann,* 2009 WL 3788673 * 6.

*Huggard v. United Performance Metals, Inc.,* No. 1:10-cv-63, 2011 WL 6950505 (S.D. Ohio Nov. 17, 2011)(Litkovitz, MJ), Report and Recommendations adopted 2012 WL 12685 (S.D. Ohio Jan 4, 2012)(Dlott, CJ), involved claims for, *inter alia*, age and disability discrimination. In addressing the issue of timely filing charges with the EEOC, the *Huggard* court noted that "this Court has determined that because Ohio is a deferral jurisdiction, a plaintiff has 300 days to file a discrimination charge with the EEOC as a matter of law." 2011 WL 6950505 *7. Additionally, the *Huggard* court noted that *Winkelmann* had distinguished *Berger* on the basis that the plaintiff had raised before the court the argument that Ohio is a deferral state and the 300-day limitations period applied. *Huggard,* 2011 WL 6950505 *7.

First, as reflected by the several cases cited above, the Sixth Circuit has long recognized as law in this Circuit that Ohio is a deferral state and consequently a plaintiff has 300 days within which to file a discrimination charge with the EEOC. See *Amini, supra*; *Alexander, supra*; *Viergutz, supra*; *Russell, supra*; *Spencer, supra*; *McLaughlin, supra*; *Sawchik, supra*; *Hall, supra*; *Coleman, supra*; *Monnheimer, supra*; *Dayton Tire & Rubber Co., supra*; *Winkelmann, supra*; *Huggard, supra*. Second, in contrast to *Berger,* and consistent with *Winkelmann* and *Huggard,* Ms.

7

Buckner has argued before this Court that the 300-day statute of limitations applies in her case because Ohio is a "deferral" state and because the EEOC and the OCRC have a work-sharing agreement. Third, and perhaps most importantly, unlike *Berger*, Ms. Buckner did not concede in her Complaint, or in any other pleading, that she did not file a charge with the OCRC.

This Court finds that Ms. Buckner timely filed her charge of discrimination with the EEOC. Accordingly, Defendants' Motion to Dismiss, (Doc. 30), is denied.

March 8, 2012.

s/ **Michael R. Merz**
United States Magistrate Judge

J:\Documents\Buckner MTD D&O.wpd