# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

LISA BUCKNER,

      Plaintiff,           :      Case No. 3:11-cv-320

    -vs-                                    Magistrate Judge Michael R. Merz

                                   :

MONTGOMERY COUNTY JOBS
AND FAMILY SERVICES DIVISION,
 et al.,

      Defendants.

## DECISION AND ORDER

This case is before the Court on Plaintiff's Reply/Opposition to Magistrate's Decision Not to Grant Summary Judgment to Plaintiff When Court Overruled Defendants' Motion to Dismiss on Conversion ("Reply," Doc. No. 38).  In the body of the Reply, Plaintiff claims she is entitled to full summary judgment in her favor, granting the compensatory and punitive damages requested in the Complaint (Reply, Doc. No. 38, PageID 1531).

Plaintiff is proceeding *pro se* in this case and rightly reminds the Court that *pro se* litigants are entitled to liberal construction of their pleadings.  The Court believes it has followed that principle in dealing with Plaintiff's papers.

Defendants' filed their Motion to Dismiss (Doc. No. 30) to litigate one question: is the Plaintiff's claim barred by the statute of limitations?  When that Motion was filed, the Court, as it is required to do with dispositive motions against *pro se* litigants, advised the Plaintiff that such a motion had been filed and of her obligation to respond (Doc. No. 31).  This is a form order used by the Court anytime a motion to dismiss or motion for summary judgment is filed against a *pro se*

litigant.

The Order did not convert Defendants' Motion into a motion for summary judgment under Fed. R. Civ. P. 56. The Court would have been required to do that if Defendants' had relied on any evidentiary material outside the pleadings, but they did not; the exhibit to their Motion is a case on which they relied, not evidence.

In opposing the Motion to Dismiss, Plaintiff did not ask for summary judgment in her favor (See Doc. No. 33). Nor has she established her entitlement to summary judgment, which would require that she demonstrated, by admissible evidence, that there is no genuine issue of material fact and that she should be granted judgment. Plaintiff is of course free to move for summary judgment if she wishes at any time up to the cut-off for dispositive motions, now set for November 2, 2012 (See Scheduling Order, Doc. No. 14). But to the extent her Reply requests that relief, she is not entitled to it and it is denied.

March 21, 2012.

s/ **Michael R. Merz**
United States Magistrate Judge
