**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | |
|---|---|
| LISA BUCKNER, : | |
| | Case No. 3:11-cv-320 |
| Plaintiff, | |
| -vs- | |
| | Magistrate Judge Michael R. Merz |
| MONTGOMERY COUNTY JOBS AND FAMILY SERVICES DIVISION, *et al.,* | |
| Defendants. : | |

**DECISION AND ENTRY**

This case is before the Court on Plaintiff Lisa Buckner's Notice of Motion for Compelling Further Answers to Interrogatories and Production Documents and For Sanctions, (Doc. 34), to which Defendants have filed a Reply ... . (Doc. 36). Plaintiff has not filed a reply in support of her Motion and the time within which to do so has passed. *See* S.D. Ohio Civ.R. 7.2(a)(2).

By way of brief review: (1) Ms. Buckner, acting *pro se*, brought this action against Defendants Montgomery County Jobs and Family Services County Commissioners of Montgomery County, Ohio, alleging that in the employment context Defendants discriminated against her in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, (ADA) and Ohio's anti-discrimination laws, O.R.C. § 4112, *et seq.* (Doc. 2); (2) the allegations of a pleadings drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers, and are to be liberally construed. *See Williams v. CSX Transportation Co., Inc*. 643 F.3d 502, 510 (6th

1

Cir, 2011), citing *Federal Exp. Corp. v, Holowecki,* 552 U.S. 389, 402 (2008); see also, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *McNeil v. United States,* 508 U.S. 106, 113 (1993); (3) the parties have consented to plenary magistrate judge jurisdiction and District Judge Timothy Black has referred the matter pursuant to 28 U.S.C. 636(c), (Doc. 13).

Ms. Buckner takes issue with essentially all of the Defendants' responses to her Interrogatories and Requests for Admissions and with their responses to what she has denominated as Requests for Production of Documents Nos. 39, 40, 41, 42, 43, 45, 46, and 49.  Defendants' position is that they have properly responded to all of Ms. Buckner's discovery requests.

Fed.R.Civ.P. 26(b)(1) reads in part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location or any books, documents, or other tangible things and the identity and location of persons who know of any discoverable matter.  For good cause shown, the court may order discovery of any matter relevant to the subject matter involved in the action. ...

There are basically two types of interrogatories: identification interrogatories and contention interrogatories.  Johnson and Johnson, *Contention Interrogatories in Federal Court*, 148 F.R.D. 441, 442 (1993)(citation omitted).  "Contention" interrogatories are interrogatories that seek to clarify the basis for or scope of an adversary's legal claim.  *Starcher v. Correctional Medical Systems, Inc.,* 144 F.3d 418. 421 (6th Cir. 1998), *aff'd sub nom. on other grounds, Cunningham v. Hamilton County, Ohio,* 427 U.S. 198 (1999).  Identification interrogatories request the responding party to identify relevant documents and tangible objects or the identity of individuals having knowledge of facts relating to the suit.  *Contention Interrogatories in Federal Court, supra.*

(citations omitted).

The Court has carefully reviewed the eighteen Interrogatories Ms. Buckner has propounded to Defendants (Doc. 15) and the Defendants' responses thereto (Doc. 36, Ex. 1 thereto). First, the Court notes that Defendants responded to almost all of Ms. Buckner's Interrogatories although they gave some answers over objection. Therefore, Ms. Buckner's position that Defendants refused to answer those Interrogatories which they answered notwithstanding an objection is not supported. With respect to the remaining Interrogatories, Defendants objected to and did not answer Nos. 9, 10, and 11.

Interrogatory No. 9 reads:

Is it true that one of the Defendants upper management officials on it's commission board was in 2008 arrested for Driving While Intoxicated (DWI) and charged with what could have been misconstrued as a mental or physical disability. And if so, were they went out for a fitness for duty and returned to their position in their capacity?

PageID 121. Defendants objected to Interrogatory No. 9 as being "overly broad, neither relevant nor likely to lead to discoverable information." PageID 887.

Aside from being a compound question containing no fewer than four discrete subparts, Interrogatory No. 9 is, as claimed by Defendants, overly broad, and is vague and calls for speculation on the part of Defendants. In addition, a member of Defendants' "commission board" was not similarly situated as Ms. Buckner, for purposes of her ADA claim. *See Moorer v. Baptist Memorial Health Care System,* 398 F.3d 469, 490 (6th Cir. 2005); *Hopkins v. Electronic Data Systems Corp.,* 196 F.3d 655, 660 (6th Cir. 1999). Therefore, Interrogatory No. 9 is not likely to lead to discoverable information.

Interrogatory No. 10 reads:

3

> Is it true that Defendants are the overseers for programs in place to protect children such as the 14 year old with cerebral palsy who recently died weighing 20 pounds?

PageID 121. Defendants objected to Interrogatory No. 10 on the basis that it "is neither relevant nor likely to lead to discoverable information." PageID 887.

The alleged role of Defendants' as overseers of certain programs and incidents alleged to have occurred within those programs which do not involve Ms. Buckner or other of Defendants' employees who are similarly situated to Ms. Buckner are irrelevant to Ms. Buckner's claims under the ADA. *See Moorer*, *supra*; *Hopkins, supra.* Interrogatory No. 10 is neither relevant nor likely to lead to discoverable information.

Interrogatory No. 11 reads:

> Is it true that an employee in 2007 jumped off a building in the Montgomery County parking lot and committed suicide because of anxiety and pressure that he suffered at the hands of the Defendants?

PageID 121. Defendants objected to this Interrogatory on the grounds that it is neither relevant nor likely to lead to discoverable information. PageID 888.

In addition to this Interrogatory's calling for speculation by Defendants, the claimed actions of one of Defendants' unidentified former employees is irrelevant to the question of whether Defendants discriminated against Ms. Buckner in violation of the ADA. *See Moorer*, *supra*; *Hopkins, supra*. Interrogatory No. 11 is neither relevant nor likely to lead to discoverable information.

Ms. Buckner complains next that Defendants' failed to properly respond to certain of her Requests for Admission.

Fed.R.Civ.P. 36 provides, in part, that a party may serve on any other party a written

request to admit for the purposes of the pending action only and that if the responding party does not admit the matter, that part's answer must specifically deny it.

Ms. Buckner propounded nineteen Requests for Admission to Defendants, *see* PageID 123-28, and she takes issue with Defendants' responses to Request Nos. 25 and 34.

Request for Admission No. 25 reads:

Admit that Defendants defamed Plaintiffs name and character by documenting and presenting a letter to a third party of allegations of trying to run co-workers over in the employee parking lot, injuring her character, reputation, and injury to credit standing and loss of health as a result of your discriminatory conduct.

PageID 125. Defendants responded "Deny". PageID 895.

This Request essentially asks Defendants to admit that the allegations in Ms. Buckner's Complaint are true. That is, it seeks to have Defendants admit liability. There is nothing impermissible about Defendants' denying Request for Admission No. 25.[1]

Request for Admission No. 34 reads:

Admit that Plaintiff has exhausted all of her administrative and judicial remedies.

PageID 127. Again, Defendants responded "Deny". PageID 897.

Although this Court has denied Defendants' Motion to Dismiss for failure to properly exhaust her administrative remedies, *see* Doc. 37, Ms. Buckner's Request No. 34, asks Defendants to concede that she properly exhausted her administrative remedies. Essentially, then, at this stage of the litigation, she is asking Defendants to waive any appeal of that issue. Further, with respect to

---

[1] In support of her argument, Ms. Buckner references an unauthenticated document dated June 18, 2008, in which H.R. Director Marcell Dezarn recited to Ms. Buckner the results of her fitness for duty examination and described the types of leave for which she could apply until she was released for full duty. That document does not support Ms. Buckner's position that Defendants improperly denied Request No. 25.

5

"exhaustion" of judicial remedies, assuming that Ms. Buckner is referring to the current proceedings, it is clear that the proceedings are not completed. Accordingly, Defendants properly denied Request No. 34.

Ms. Buckner's next challenge is to Defendants' responses to her Requests for Production of Documents.

Fed.R.Civ.P. 34 essentially provides, in part, that a party may serve on any other party a request to produce and permit the requesting party to inspect or copy any designated documents. Although Ms. Buckner has denominated discovery requests numbers thirty-nine through fifty as "Production of Documents", a review of those items reveals that they are more accurately classified as interrogatories or requests for admission. *See* PageID 128-30. For example, discovery request No. 39 asks for the names "of witnesses and their statements of Plaintiff's workplace violence that subjected Plaintiff to impermissible medical examinations...". PageID 128. Clearly, if Defendants were to respond to that request, they would essentially be conceding that they had subjected Ms. Buckner to "impermissible medical examinations", a form of admission. Nevertheless, Ms. Buckner complains of Defendants' responses to Requests Nos. 39, 40, 41, 42, 43, 45, 46, and 49.

For the reasons stated *supra,* this Court concludes that Defendants properly objected to Request No. 39. PageID 900. Further, the Court notes that while Defendants objected to Request No. 40, Defendants provided a response without waiving that objection and that the response is in keeping with Fed.R.Civ.P. 34(b)(2)(B). PageID 901. Similarly, while Defendants objected to Request No. 46, they answered that Request without waiving the objection and have advised that no such document exists. PageID 901. Further, Defendants have responded to Requests Nos. 41

and 45 by advising that no such documents exist. *Id.*

Request Nos. 42 and 43 seek information regarding Defendants' past and present employees who have been subjected to fitness for duty examinations from 2008 to the present and/or whom suffered personal injuries. PageID 129. Defendants properly objected to those Requests on the grounds that the requested information is subject to confidentiality of employee medical conditions and, additionally, may be protected by Health Insurance Portability and Accountability Act of 1996, Pub.L. 104-101, 110 Stat. 1936 (eff. Aug. 21, 1996)("HIPAA"). PageID 901.

Finally, in Request No. 49, Ms. Buckner seeks "all letters of correspondence from the EEOC that confirm that Defendants have been in or out of compliance with ADA regulations. PageID 131. Defendants have objected to this Request as overly broad, vague, and not relevant nor likely to lead to discoverable information. PageID 901. Defendants are correct in that this Request is not relevant nor likely to lead to discoverable information. Specifically, Defendants' compliance or non compliance with the ADA as to other of its employees is not relevant to whether Defendants discriminated against Ms. Buckner in violation of the ADA.

Plaintiff's Notice of Motion for Compelling Further Answers to Interrogatories and Production Documents and For Sanctions, (Doc. 34), is denied. To the extent that Plaintiff seeks sanctions pursuant to Fed.R.Civ.P. 37, such motion is also denied. Because Plaintiff's newest Notice of Non-Compliance (Doc. No. 40) essentially repeats the arguments already dealt with above, it is also denied.

March 29, 2012.

s/ **Michael R. Merz**
United States Magistrate Judge

J:\Documents\Buckner_discovery.wpd