IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

LISA BUCKNER,

       Plaintiff,                                      Case No. 3:11-cv-320

    -vs-                                          Magistrate Judge Michael R. Merz
                                                :

MONTGOMERY COUNTY JOBS
AND FAMILY SERVICES DIVISION,
 et al.,

       Defendants.

## DECISION AND ORDER

This case is before the Court on Plaintiff's Notice of Objection of Defendant's Lay Witnesses Disclosures (Doc. No. 48) which the Court treats as a motion *in limine* to exclude testimony from these witnesses or to require that they be qualified as experts.

The Court agrees with Plaintiff that Steven Gamm, M.D., and Fred Sacks, Ph.D., must be qualified as experts prior to rendering any opinion based upon their professional competences. Defendants must supplement their disclosure of these witnesses by providing the information about their expected testimony required by Fed. R. Civ. P. 26(c) not later than June 1, 2012.

Plaintiff seeks the exclusion of Marcell Dezarn, Stephanie Echols, Cindy Landry, Stacy Benson-Taylor, Nancy Toliver and Brenda Thomas under Fed. R. Evid. 701(c) and 702 on the grounds that the disclosed subject matter of their testimony comes within those Rules and is therefore not lay testimony. Plaintiff has not demonstrated that this is so. Defendants will at trial have to lay a foundation for the testimony of each of these witnesses based on that person's personal observation of relevant facts. That those facts may be specialized or relate to policy does not make the witnesses experts.

Plaintiff seeks to exclude Tonia Hairston, Shelley Swartztrauber, Barbara Caudill, John O'Pry, Sherry Berryhill, Dwight (Pete) Landrum on the ground that they were not employed at the Job Center at 1111 Edwin C. Moses Boulevard "at the time of the allegations in the plaintiff [sic] complaint." (Objection, Doc. No. 48, PageID 1594.) That fact does not disqualify these persons as lay witnesses. If they have relevant non-hearsay testimony about facts they observed personally, they will be permitted to testify.

Plaintiff also seeks to exclude testimony from Kelley Bennett, Joan Rice, Tilmon Snow, Vickie Mosler, Angela Russell, Tara Porcelli, Jane Bagley, and Ted Postell on various grounds. The same restrictions apply to them: if Defendants can lay a foundation to show they have relevant non-hearsay observations, they will be permitted to testify after the foundation has been laid at trial. They are not excludable because their work addresses were given so long as Defendants do not impede service of subpoenas on them during work hours.

May 15, 2012.

s/ **Michael R. Merz**<br>
United States Magistrate Judge