# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

LISA BUCKNER,

      Plaintiff,

  -vs-

MONTGOMERY COUNTY JOBS
AND FAMILY SERVICES DIVISION,
et al.,

      Defendants.

:

Case No. 3:11-cv-320

Magistrate Judge Michael R. Merz

## DECISION AND ORDER

This case is before the Court on Plaintiff's Certificate of Good Faith Attempts to Resolve Discovery Dispute (Doc. No. 64), Plaintiff's Objection to Defendants' Second Set of Interrogatories (Doc. No. 65), and Plaintiff's Objection to Defendants' First Request for Production of Documents (Doc. No. 66).

On July 20, 2012, the Court denied (with one exception) Plaintiff's Motion for a Protective Order "because it does not certify to this Court that Ms. Buckner has conferred in good faith with counsel for the Defendants in an effort to resolve the dispute, prior to filing the Motion" as required by Fed. R. Civ. P. 26(c)(1)(Decision and Order, Doc. No. 62).

Plaintiff's Certificate is presumably her response to that Order, but it in fact does not comply with Fed. R. Civ. P. 26(c)(1): it says nothing about any communication between Plaintiff and the Defendants' counsel concerning the objections made by Plaintiff in her Motion for Protective Order. Instead Plaintiff complains that she has "not received executed dockets for

Doc. No.'s 52 to 56 and most recent docket received from Magistrate [Judge] Merz (Doc. No. 62)." (Motion, Doc. No. 64, PageID 1676.) This statement is followed by an accusation that the Magistrate Judge has somehow permitted or considered *ex parte* communications in this case.

The Magistrate Judge has considered nothing in this case that has not been filed with a certificate of service on the opposing party. Every order of the Court entered on the docket is, as a matter of regular court practice, sent by ordinary mail to any litigant who is not filing electronically. A deputy clerk also makes a record of the fact of mailing. Those records show, for example, mailing of Doc. Nos. 56 and 62 to the Plaintiff and no return from the Postal Service. The Magistrate Judge simply does not understand the nature of Plaintiff's complaint about these items or what they have to do with showing a good faith discussion of her discovery objections with Defendants' counsel.

Plaintiff also uses the Certificate to repeat her objections about Drs. Gamm and Sacks, which is also not pertinent to the present question before the Court. Finally, the Certificate contains references to EEOC findings and Defendants' alleged failure to respond properly to Plaintiff's pleadings; these comments are also not in point.

In sum, the Certificate does not show any consultation between Plaintiff and Defendants' counsel. Plaintiff's Motion for Protective Order is therefore again denied.

The Court rules as follows on Plaintiff's Objections to Defendants' Second Set of Interrogatories (Doc. No. 65):

**Interrogatory No. 1.** The objection that the discovery is repetitive is overruled. The objection that the interrogatory is oppressive is sustained to the extent that Plaintiff need only answer as to the ten years prior to August 31, 2008. The privilege objection is overruled on the basis of *Uszak v. Yellow Transp., Inc.,* 2009 U.S. App. LEXIS 18873 *6 (6th Cir. 2009), the holding of which

was explained to Plaintiff in a prior order.

**Interrogatory No. 2.**  The objection that the interrogatory is oppressive is sustained to the extent that Plaintiff need only answer as to the ten years prior to August 31, 2008.  Plaintiff's relevance objection is overruled.

The Court rules as follows on Plaintiff's Objection to Defendants' Request for Production of Documents:

**Request No. 1.**  Plaintiff need only produce those documents described in this Request to the extent she has already at some time in the past obtained copies of these documents from the described sources and retains copies at the present.  That is, although she has the right to obtain them from the described sources, she is not required to obtain copies for the use of the Defendants except to the extent she has already done so.  It will be far more efficient for Defendants' counsel to obtain the records directly from these sources with releases from Plaintiff.  Plaintiff's privacy/confidentiality objection is sustained only to the extent that the Court hereby orders that any medical, psychological, or psychiatric records of the Plaintiff obtained for use in this litigation shall be used only for that purpose and Defendants' counsel shall take adequate precautions to prevent their being otherwise used.  All other objections of the Plaintiff are overruled.

**Request No. 2.**  Plaintiff's objections to this Request are overruled except to the extent reflected above with respect to Request No. 1.

**Request No. 3:**  Plaintiff's objection to signing the tendered medical releases is overruled.

Plaintiff shall respond to Defendants' interrogatories in writing and under oath not later than August 15, 2012. Plaintiff shall execute and return the medical releases to Defendants' counsel immediately.

July 30, 2012.

s/ *Michael R. Merz*
United States Magistrate Judge