# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

LISA BUCKNER,

      Plaintiff,

Case No. 3:11-cv-320

    -vs-

Magistrate Judge Michael R. Merz

:

MONTGOMERY COUNTY JOBS
AND FAMILY SERVICES DIVISION,
et al.,

      Defendants.

## DECISION AND ORDER

This case is before the Court on Plaintiff's Motion to Strike Affidavits of Lay Witnesses Marcell N. Dezarn and Judy Richard At Trial and on Motion for Summary Judgment and Request for an Oral Hearing (Doc. No. 88).

Plaintiff's objection to Mr. Dezarn is that he is a licensed attorney who has previously held the position of Assistant County Prosecutor in the offices of Mathias Heck (Motion, Doc. No. 88, PageID 1969). Plaintiff's apparent objection to Mr. Dezarn is that it was not disclosed to her that he was an attorney who previously practiced as an assistant to Mr. Heck. Both trial attorneys for Defendants in this case are presently assistant county prosecutors in Mr. Heck's office.

Defendants were under no obligation to disclose to Plaintiff that Mr. Dezarn is a licensed attorney. He is being called as a lay witness, not to testify to expert legal opinion. Furthermore, the possible disqualification to be witnesses of attorneys presently employed in the County

Prosecutor's Office does not apply to persons previously employed there when the testimony they intend to give is not related to that employment. To the extent Plaintiff has objections to Mr. Dezarn's affidavit on specific points, she may raise them in her memorandum in opposition. The Motion to Strike Mr. Dezarn's affidavit is denied.

Plaintiff complains that the Affidavit of Judy Richard is not properly authenticated, asserting that it is "not numbered and is the last document attached to the exhibits and therefore is not proper [sic] authenticated . . ." (Motion Doc. No. 89, PageID 1970, ¶ 10.) The Court does not understand this objection. The Richard Affidavit bears her purported signature and the jurat, signature, and seal of a purported Ohio Notary Public. The Court is unaware of what else Plaintiff believes is needed to "authenticate" the Richard Affidavit and the Motion to Strike it is denied.

The Motion contains a good deal of discussion of the expert witness rules, but neither Mr. Dezarn nor Ms. Richard is being offered as an expert and Defendants were not required to qualify them as experts before presenting their affidavits.

Plaintiff requests the Court to excluded the proffered testimony of Dr. Gamm and Dr. Sack, but no such testimony is offered in support of the Defendants' motion for summary judgment. If Plaintiff objects to the specific use being made of these reports in the motion, she may raise those objections in her memorandum in opposition.

Plaintiff requests the Court to construe as true a letter from Mr. Dezarn dated June 18, 2008, but has not attached an authenticated copy of that document or indeed referenced anywhere it is to be found in the record.

At the conclusion of her Motion, Plaintiff again asks the Court to find Defendants in default for violation of the Rules of Civil Procedure and set a damages hearing. For reasons

previously given, Defendant are not in default and that portion of the Motion is denied.

November 19, 2012.

s/ *Michael R. Merz*  
United States Magistrate Judge